UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MONTE HOISINGTON,                )
                                 )
                                 )
                    Plaintiff,   )        No. CV-13-318-LRS
                                 )
         v.                      )        **ORDER OF DISMISSAL**
                                 )
WILLIAM D. ACEY, Superior Court  )
Judge, Asotin County WA, et al., )
                                 )
                    Defendants.  )
_____)

## I. BACKGROUND

The *pro se* Plaintiff has been allowed to file his Complaint *in forma pauperis* subject to review by the undersigned for legal sufficiency. (ECF No. 4). This is a 42 U.S.C. §1983 action in which the Plaintiff alleges his due process rights were violated as a result of his continuing civil commitment as a sexually violent predator from either 2005 or 2010 until June 2013. Named as defendants are Asotin County Superior Court Judge William D. Acey who presided over the commitment proceedings; Asotin County Prosecutor Benjamin C. Nichols, the Asotin County Prosecuting Attorney responsible for prosecuting the commitment proceedings; John Snyder, defense counsel appointed by the Asotin County Superior Court to represent Plaintiff in the commitment proceedings; and Asotin County.

The undersigned judicial officer previously presided over a 28 U.S.C. §2254

**ORDER OF DISMISSAL-**       **1**

1  habeas corpus petition filed by Plaintiff challenging his civil commitment.  In its

2  October 30, 2008 order dismissing the petition as time-barred (ECF No. 43 in CV-

3  07-332-LRS), the court recited the following background:

4

5         Based on a jury finding that he was beyond a reasonable doubt a
          Sexually Violent Predator (SVP), RCW 71.09.060, [Petitioner] was
6         placed into the custody of the Washington Department of Social and
          Health Services pursuant to an Order of Commitment entered by the
7         Asotin County Superior Court on July 25, 2001.  The Petitioner is
          civilly committed to the Special Commitment Center (SCC) in
8         Steilacoom, Washington. . . .  Petitioner appealed his civil
          commitment to the Washington Court of Appeals, Division III.  The
9         court of appeals affirmed the Order of Commitment.  *State v.
          Hoisington*, 123 Wn. App. 138, 94 P.3d 318 (2004).  Petitioner then
10        sought review by the Washington Supreme Court.  The state supreme
          court denied review on March 31, 2005.  *State v. Hoisington*, 153
11        Wn.2d 1031, 110 P.3d 756 (2005).  The Washington Court of
          Appeals issued its mandate on May 13, 2005.

12        Subsequently, on September 29, 2005,  Petitioner filed a 28 U.S.C.
          Section 2254 habeas corpus petition in the U.S. District Court for the
13        Western District of Washington (C05-5642RBL).  Following the
          filing of the Respondent's answer in that matter, the Petitioner filed a
14        motion to dismiss his petition without prejudice to pursue state court
          remedies.  On April 10, 2006, the Western District of Washington
15        dismissed Petitioner's petition without prejudice.

16        On March 22, 2006, Petitioner filed a *pro se* personal restraint
          petition with the Washington Court of Appeals, Division III.  On
17        October 3, 2006, the court of appeals issued an order dismissing the
          personal restraint petition.  Petitioner sought discretionary review
18        from the state supreme court.  On December 26, 2006, the state
          supreme court denied the motion for discretionary review.

19
          On October 18, 2007, Petitioner filed the 28 U.S.C. Section 2254
20        petition in the captioned matter [CV-07-332-LRS].

21        Pursuant to RCW 71.09.070, the department of social and health services is

22  to conduct an annual examination of the mental condition of the person committed

23  in order to allow "consideration of whether the committed person currently meets

24  the definition of a sexually violent predator and whether conditional release to a

25  less restrictive alternative is in the best interest of the person and conditions can be

26  imposed that would adequately protect the community."  In his §1983 Complaint,

27  Plaintiff alleges the individually named Defendants conspired to keep him

28  confined notwithstanding the lack of any basis for doing so.

**ORDER OF DISMISSAL-        2**

## II. DISCUSSION

### A. *Heck v. Humphrey*

At the outset, if the Plaintiff has not been unconditionally discharged from civil commitment and remains subject to being returned to custody should he violate any of the conditions of his release, he cannot proceed on his claim for a violation of his Fourteenth Amendment rights until he shows his order of commitment has already been invalidated or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364 (1994). *Heck* applies to SVP detainees with access to habeas relief. *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005).[1] See also *Allen v. Seiler*, 2013 WL 357614 at *2-3 (N.D. Tex. 2013).

Plaintiff remains "in custody" for habeas purposes if his release from confinement is conditional. RCW 71.09.090(5) provides that "[t]he jurisdiction of the court over a person civilly committed pursuant to this chapter continues until such time as the person is unconditionally discharged." A conditional release from civil commitment is akin to parole. A state parolee is "in custody" for purposes of the federal habeas statute, *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373 (1963), and may challenge parole conditions imposed by a state correctional department through a habeas petition under 28 U.S.C. §2241, *Bagley v. Harvey*, 718 F.2d 921, 922-23 (9th Cir. 1983). Plaintiff's request to have this court declare that constitutional violations took place during his civil commitment proceedings, if successful, would necessarily imply the invalidity of his conditional release.

The *Heck* rule applies to all of the Plaintiff's claims for relief (money

---

[1] Plaintiff's time-barred habeas petition challenged his original commitment in 2001 pursuant to RCW 71.09.060. What Plaintiff challenges now, pursuant to RCW 71.09.070 and .090, is the basis for his continuing commitment from either 2005 or 2010 until his release in 2013.

**ORDER OF DISMISSAL-**      **3**

damages, declaratory relief, and injunctive relief).  Even Plaintiff's request for prospective injunctive relief, if granted, would necessarily imply the invalidity of his conditional release.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242 (2005)(A §1983 action cannot proceed "no matter the relief sought (damages or equitable relief)" if "success in that action would necessarily demonstrate the invalidity of confinement or its duration" and the challenged conviction or sentence has not been invalidated).

Even if *Heck* does not present an obstacle for the Plaintiff, Defendants Acey and Nichols are immune from suit for money damages or declaratory relief, and Plaintiff has failed to adequately plead a conspiracy claim against Defendant Snyder.

**B.  JUDICIAL IMMUNITY**

Judges are immune for actions taken in their judicial capacity. "Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. . . .  A judge loses absolute immunity only when he acts in clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Judges retain their immunity even when they are accused of acting maliciously or corruptly, *Mireles v. Waco*, 502 U.S. 9, 9 (1991)(per curiam), and when they are accused of acting in error.  *Schucker*, 846 F.2d at 1204.  "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." *Meek v. County of Riverside*, 183 F.3d 962, 966 (9th Cir. 1999), citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  The Ninth Circuit has broadly construed judicial immunity, stating in *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986):

> We therefore hold that a conspiracy between a judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.

**ORDER OF DISMISSAL-    4**

> As long as the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction, immunity applies.

All of the Plaintiff's allegations concern actions taken by Judge Acey and rulings made by him during Plaintiff's civil commitment proceedings. The allegations indicate those actions and rulings were judicial in nature and not made in the clear absence of all jurisdiction. Accordingly, even Plaintiff's allegation that Judge Acey conspired with Prosecutor Nichols to keep the Plaintiff confined does not pierce their immunity from claims for damages and declaratory relief.[2]

## C.  PROSECUTORIAL IMMUNITY

"[A] state prosecuting attorney who act[s] within the scope of his duties" is not amenable to suit under Section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 410, 96 S.Ct. 984 (1976). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial which occur in his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606 (1993). Activities intimately connected with judicial proceedings and for which immunity will apply include making statements that are alleged misrepresentations and mischaracterizations during hearings, during discovery, and in court papers, *Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991), and conferring with witnesses and allegedly inducing them to testify falsely, *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir. 1984). Allegations of, for example, malicious prosecution, conspiracy to predetermine the outcome of a proceeding, or destruction of evidence are subject

---

[2]  Pursuant to RCW 71.09.090(3)(a), the prosecuting attorney ("the prosecuting agency") has the right to a jury trial on the issue of whether a person should be unconditionally discharged or conditionally released, notwithstanding any determination of the Secretary of Social and Health Services regarding those matters.

**ORDER OF DISMISSAL-       5**

to dismissal on grounds of prosecutorial immunity. *See e.g., Milstein v. Cooley*, 257 F.3d 1004, 1008-09 (9th Cir. 2001); *Ashelman*, 793 F.2d at 1078; *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677-80 (9th Cir. 1984). All of Defendant Nichols' alleged conduct involved actions taken as a prosecutor and were intimately connected with judicial civil commitment proceedings. Therefore, the claims against him are barred by prosecutorial immunity. The fact these were civil commitment proceedings instead of a criminal prosecution is irrelevant. Civil commitment proceedings entail core prosecutorial functions which are protected by absolute immunity. *Smith v. Shorstein*, 2007 WL 460831 at *2-3 (11th Cir. 2007); *Peterson v. Clay County*, 2013 WL 785620 at *2 (D. Minn. 2013).

### D.  PROSPECTIVE INJUNCTIVE RELIEF

Judicial immunity does not bar prospective injunctive relief against state court judges acting in their official capacities. *Pulliam v. Allen*, 466 U.S. 522,541-42, 104 S.Ct. 1970 (1984). Likewise, "[p]rosecutorial immunity only protects [a defendant] from [§]1983 damage claims; it does not protect them from suits for injunctive relief." *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 n. 6 (9th Cir. 1989), *abrogated on other grounds by City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). That said, "[a]bstention is required if there are ongoing state judicial proceedings that implicate important state interests and provide an adequate opportunity to raise federal claims." *Hirsh v. Justices of the Sup.Ct. Of the St. of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

Assuming Plaintiff has not received an unconditional discharge, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37,  91 S.Ct. 746 (1971), requires dismissal of Plaintiff's claims against Judge Acey and Prosecutor Nichols for prospective injunctive relief. There are ongoing state court proceedings which implicate important state interests. Furthermore,  Plaintiff has

**ORDER OF DISMISSAL-       6**

an adequate opportunity in the ongoing state court proceedings (i.e., appeal or personal restraint petition filed with the Washington Court of Appeals) to raise federal due process claims challenging a conditional release from custody.

### E.  COURT APPOINTED COUNSEL

A court appointed defense counsel "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Co. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law).  He or she "works under canons of professional responsibility that mandate his [or her] exercise of independent judgment on behalf of the client" and the Constitution requires that the state "respect the professional independence of the public defenders whom it engages." *Id*. at 321-22.  Thus, although a court appointed defense counsel may be paid by the state, when advocating on behalf of his or her client, his or her responsibilities entail "functions and obligations in no way dependant on state authority." *Id*. at 318.

Plaintiff alleges his court appointed counsel, Mr. Snyder, conspired with Judge Acey and Prosecutor Nichols to keep him in civil commitment custody. A defense attorney who conspires with state officials to deprive a client of his federal rights acts under color of state law and may be liable under §1983. *Tower v. Glover*, 467 U.S. 914, 923, 104 S.Ct. 2820 (1984).  To prove a conspiracy between the state and private individuals under §1983, the Plaintiff must show an agreement or meeting of the minds to violate constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).  Conclusory allegations are insufficient to state a claim of conspiracy to violate a plaintiff's federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).  "To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state

**ORDER OF DISMISSAL-**        **7**

specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at1949, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).   Moreover, to avoid dismissal, a complaint must state a conspiracy claim that is "plausible on its face," meaning that the factual content alleged "allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id*.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief." *Id*., citing Fed. R. Civ. P. 8(a)(2).

Here, the Plaintiff's allegations regarding an alleged conspiracy are wholly conclusory.  The conspiracy claim pled by the Plaintiff is not plausible on its face. The facts pled by the Plaintiff in support of that claim do not permit the court to infer more than the mere possibility of misconduct.

### F. ASOTIN COUNTY

Because of the disposition of the claims against the individual defendants, the allegations set forth in Plaintiff's Complaint do not independently set forth a claim against Asotin County upon which relief can be granted.

## III. CONCLUSION

Pursuant to 28 U.S.C. §1915(e)(2)(B), the pro se Plaintiff's Complaint is **DISMISSED** for failure to state a claim upon which relief can be granted (conspiracy and also potentially because of the *Heck* doctrine) and/or because it seeks relief from Defendants who are immune from such relief (monetary damages and declaratory relief) and/or because it seeks relief (prospective injunctive relief) which requires this court to abstain from interference in ongoing state court proceedings.  An amendment of the Complaint cannot cure any of these defects.

1     Pursuant to 28 U.S.C. §1915(a)(3), it is hereby **CERTIFIED** that any

2     appeal from this Order Of Dismissal is not taken in good faith.

3     **IT IS SO ORDERED.**  The District Executive shall enter judgment

4     accordingly, forward copies of the same to Plaintiff, and close the file.

5     **DATED** this ___16th___ day of September, 2013.

6

7                              *s/Lonny R. Suko*

8     _____
                        LONNY R. SUKO
9                 United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER OF DISMISSAL-**          **9**